UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LORI D. McLAUGHLIN,<br>2487 Ridgemoor Drive<br>Orlando, Florida 32828,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL B. MUKASEY,<br>  In His Official Capacity as United States<br>  Attorney General,<br><br>    Defendant.<br><br><u>Serve:</u><br>  Hon. Michael B. Mukasey<br>  Attorney General of the United States<br>  United States Department of Justice<br>  Office of the Attorney General<br>  950 Pennsylvania Avenue, N. W.<br>  Washington, D. C. 20530-0001<br><br><u>Also Serve:</u><br>  Hon. Jeffrey A. Taylor<br>  United States Attorney<br>    for the District of Columbia<br>  Judiciary Center Building<br>  555 4th Street, N. W.<br>  Washington, D. C. 20001-2733 | **FILED**<br>JUL 22 2008<br>Clerk, U.S. District and<br>Bankruptcy Courts<br><br>Civil Action No. _____<br><br>Case: 1:08-cv-01256<br>Assigned To : Collyer, Rosemary M.<br>Assign. Date : 7/22/2008<br>Description: Employ. Discrim.<br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

<u>COMPLAINT</u>

(UNLAWFUL DISCRIMINATION IN FEDERAL EMPLOYMENT BASED UPON
RACE (AFRICAN-AMERICAN), AND UNLAWFUL RETALIATION
FOR PRIOR PROTECTED EEO ACTIVITIES)



1

COMES NOW the Plaintiff in this matter, Lori D. McLaughlin, by and through counsel, to bring this Federal District Court lawsuit against the aforenamed Defendant, and in furtherance hereof states as follows:

### I. JURISDICTION

1. Jurisdiction is vested in this Court pursuant to, inter alia, Section 717 of Title VII of the Civil Rights Act of 1964, as amended, codified at 42 U.S.C.A. Section 2000(e), et seq.; the Civil Rights Act of 1991, as amended, codified at 42 U.S.C.A. Section 1981, et seq.; Section 501 of the Rehabilitation Act of 1973, as amended, 29 U.S.C.A. Section 791, the Civil Rights Attorney's Award Act, as amended, codified at 42 U.S.C.A. Section 1988, et seq.; and Title 29, Code of Federal Regulations, Part 1614, et seq., in that Plaintiff Lori McLaughlin was unlawfully discriminated against in the course of her employment with the United States Government Department of Justice ("DOJ"), Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), on the basis of her race (African American), and was further subjected to unlawful retaliation in employment for engaging in protected EEO activities, as set forth herein.

### II. VENUE

2. Venue is proper before this Court because the Defendant maintains its Headquarters administrative offices and records which are subject to the matters complained of within the geographical boundaries of the District of Columbia; because the primary actions complained of either occurred within or were directed within the geographical boundaries of the District of Columbia; and pursuant to 28 U.S.C. Section 1391(e).

## III.  PARTIES

3.  Plaintiff Lori D. McLaughlin is an African-American female currently domiciled in Orlando, Florida, and who for all times relevant herein was employed on a full-time basis as an employee of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), an agency under the United States Department of Justice ("DOJ"). At all times relevant to this lawsuit, Plaintiff McLaughlin was assigned for her professional work to the Orlando, Florida, Field Office of ATF, under the Miami Field Division of ATF.

4.  Defendant Michael B. Mukasey is the Attorney General of the United States and, as such, is the Defendant only in his official capacity as Attorney General.  Mr. Mukasey is the senior Executive Branch federal official responsible for the actions of the United States Department of Justice and its subordinate agency, the Bureau of Alcohol, Tobacco, Firearms and Explosives.  ATF, which is the principal subject of the allegations made herein, has its current Headquarters located at 99 New York Avenue, N. E., Washington, D. C.  20226.

## IV.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

5.  The bases of this case are Plaintiff's ongoing claims of unlawful discrimination based upon race (African-American), and unlawful reprisal for prior protected EEO activity, as further stated hereinbelow.  During the periods of time alleged in the course of this Complaint, Plaintiff McLaughlin was employed as a Special Agent, Grade GS-1811-13, with ATF, located in the Orlando Field Office of the Agency, under the Tampa Field Division.

6. On or about June 16, 2006, Plaintiff McLaughlin contacted an ATF EEO counselor with respect to claims of unlawful discrimination based upon race and unlawful retaliation for protected activities. On September 1, 2006, Plaintiff McLaughlin filed a formal EEO Complaint, specifically alleging, *inter alia*, unlawful discrimination and unlawful retaliation in Federal employment when, on May 16, 2006, her name was not forwarded to ATF Headquarters for consideration to attend the annual conference of Women in Law Enforcement (WIFLE); and, on June 16, 2006, and August 4, 2006, her name was not forwarded to ATF Headquarters for consideration for the Department of Justice Community Service Award. Other issues of ongoing discrimination based upon race and maintenance of a hostile work environment based upon race were raised by Plaintiff in the course of her EEO counseling. The Complaint was docketed as Agency Case No. ATF-2006-00500, EEOC Case No. 510-2007-00222X.

7. An EEO investigation subsequently was conducted by the Agency, with a Report of Investigation (ROI) being completed and provided to the Plaintiff and the Agency. The matter subsequently was assigned to Equal Employment Opportunity Commission (EEOC) Administrative Judge Ana M. Lehmann, who issued a Decision Without a Hearing on October 9, 2007, denying Plaintiff's EEO claims. The Decision was then forwarded to the Department of Justice for issuance of a Final Agency Decision ("FAD") regarding the determination of the Administrative Judge.

8. On January 4, 2008, DOJ issued its Final Agency Decision, affirming and adopting the initial EEOC Order as the Decision of the Agency. Upon a timely appeal submitted by Plaintiff to the EEOC Office of Federal Operations ("OFO"), OFO issued its Decision on April 24, 2008, denying all of Plaintiff's EEO claims. The Decision was

forwarded by mail to Plaintiff McLaughlin on April 24, 2008, which presumes a five-day receipt period following the mailing of the document.

9. This United States District Court Complaint is timely filed within ninety (90) days of receipt by Plaintiff McLaughlin of the EEOC/OFO Decision on Appeal.

## V. BACKGROUND

10. Plaintiff McLaughlin entered employment with ATF in 1989, and served as Special Agent in Grade GS-1811-13 with the Orlando Field Office since February 2001.

11. Beginning October 2004, Plaintiff McLaughlin's first-level supervisor was Russell May, Resident Agent in Charge (RAC) of the Orlando Field Office. Plaintiff's second-level supervisor since December 2002 was John Ryan, Assistant Special Agent in Charge (ASAC), Tampa Field Division.

12. On January 7, 2004, the ATF Office of Inspection notified Special Agent in Charge Ralph Ostrowski of the Tampa Field Division of several human resources problems reported as existing within the ATF Orlando Field Office. At this time, the Resident Agent in Charge (RAC) of the Orlando Field Office was Michael Hegerfeld, who was cited in several of the complaints of discrimination and hostile treatment of employees.

13. Because of such complaints, Tampa Field Division ASAC John Ryan was directed to conduct employee interviews regarding numerous allegations of racial discrimination and the perpetuation of a hostile work environment against minorities, particularly African-American employees, within the Orlando Field Office. Plaintiff McLaughlin participated in the identification of such problems, and was interviewed by ASAC Ryan in January 2004 regarding these ongoing problems.

14. Because no action was being taken by ATF senior personnel regarding the allegations, Plaintiff McLaughlin then personally filed an informal EEO Complaint with the Agency in February 2004, again citing a hostile work environment for African-American personnel within the Orlando Field Office. This complaint was formalized by Plaintiff on April 2, 2004.

15. On April 3, 2004, RAC Hegerfeld retired from employment with ATF, but Plaintiff continued to witness hostile and discriminatory treatment of African-American personnel in Orlando. Additionally, on information and belief, second-line supervisor ASAC John Ryan was interviewed in the course of the informal efforts at resolution of Plaintiff McLaughlin's April 2004 EEO complaint.

16. Plaintiff McLaughlin requested by letter on September 27, 2004, a transfer from the Orlando Field Office to escape the ongoing hostile work environment. Plaintiff's letter, addressed to ATF Deputy Assistant Director (East) Hugo J. Barrera, contained numerous specific allegations of particular discriminatory acts regarding Plaintiff's duty assignments, refusals of here supervisors to permit routing training, continuing adverse workplace treatment, and ongoing denials of benefits and recognitions.

17. On September 30, 2004, the ATF EEO Office dismissed one of Plaintiff's EEO Complaints for an alleged "failure to state a claim." A separate EEO Case regarding allegations of race discrimination and unlawful retaliation, Agency No. E-04-0059, EEOC Case No. 150-2006-00054X continued through the EEO process.

18. In October 2004, RAC Russell May arrived in Orlando as the new ATF senior official within the Orlando Field Office, also serving as Plaintiff McLaughlin's

first-line supervisor. Upon his arrival, RAC May was presented by Plaintiff with a notebook itemizing and documenting her claims of the hostile work environment within the Orlando Field Office.

19. Plaintiff McLaughlin's formal transfer request was denied by the Agency on November 19, 2004.

20. Plaintiff McLaughlin continued to receive adverse treatment from RAC May and ASAC Ryan throughout 2005, based upon both ongoing race discrimination and also her prior protected actions of reporting the hostile work environment for African-Americans (and, subsequently, for female personnel) in Orlando. Such acts included the failure of Plaintiff's supervisors to approve routine funding for her investigations, failure of supervisors to approve Plaintiff's routine training requests, and continuing attacks on Plaintiff's work performance.

21. In 2005, Plaintiff also was unfairly and improperly accused by RAC May of not meeting case production requirements and threatened with placement on a Productivity Improvement Plan (PIP), despite being one of the best performing special agents in the Office. RAC May also administered an unfair, discriminatory, and retaliatory annual performance appraisal regarding Plaintiff McLaughlin.

22. During this same time frame, RAC May also chastised Plaintiff McLaughlin during EAP meetings conducted within the Office, publicly criticizing Plaintiff McLaughlin and another female special agent for not "supporting" him upon his arrival in Orlando in 2004, then cancelling further EAP meetings when challenged on his assertions.

23. On February 21, 2006, Plaintiff McLaughlin had her deposition taken in EEOC Case No. 150-2006-00054X, related to her 2004 EEO complaints involving a hostile work environment in the Orlando Field Office.

24. On April 17, 2006, Plaintiff McLaughlin applied for attendance at the Women in Law Enforcement (WIFLE) Conference to be conducted in Washington, D. C., during the period June 20-22, 2006. The request was based upon Plaintiff McLaughlin's desire for further career development, and for participation in workshops enhancing her professional skills as a Criminal Investigator, including specific knowledge of money laundering and other financial crimes being addressed at the Conference.

25. Plaintiff McLaughlin initially was informed by RAC May both verbally and by e-mail that he had approved her training request to attend the Conference, and that the request was pending approval by ASAC Ryan at the Tampa Field Division.

26. Subsequently, the training was never approved and funded, despite at least two follow-up communications to the Tampa Field Division by ATF Headquarters seeking the approval documentation. Such actions in not approving and processing the training application were exclusively attributable to the ongoing hostility directed against Plaintiff McLaughlin by her second-line supervisor, ASAC Ryan, with the support of RAC May.

27. On information and belief, non-African American female special agents from ATF and from the Tampa Field Division, and special agents who were not previously engaged in protected EEO activities, were routinely permitted to attend such Conference and training.

28. On April 12, 2006, RAC May informed Plaintiff McLaughlin that he desired to nominate Plaintiff for a Department of Justice Community Service Award, a singularly prestigious award based upon Plaintiff McLaughlin's considerable number of community service accomplishments. In response, Plaintiff McLaughlin provided at RAC May's request a narrative summary of Plaintiff's community outreach achievements.

29. On April 12, 2006, RAC May informed Plaintiff McLaughlin that he had forwarded the Plaintiff's nomination for the award to the Tampa Field Division.

30. Subsequently, between June 16 and August 4, 2006, Plaintiff McLaughlin attempted on numerous occasions to ascertain the status of the award. She was either given no information in response to her inquiries, or was given misleading and incorrect information.

31. While RAC May asserts that he did forward the award nomination to higher Headquarters as he had told Plaintiff McLaughlin he had done, he initially denied to the EEO investigator handling Plaintiff's subsequent EEO Complaint on this matter that he had any recollection of submitting the nomination to the Tampa Field Division.

32. If RAC May did forward the award nomination to the Tampa Field Division as claimed, then ASAC Ryan did not take actions on the award nomination as second-line supervisor to ensure the further processing of the nomination by ATF Headquarters.

33. On information an belief, non-African American nominees for this award and nominees who did not have a prior history of protected EEO activities were routinely processed and approved for such award within ATF and the Tampa Field Division.

34. Moreover, shortly after being questioned by the EEO investigator regarding this matter, RAC May called Plaintiff McLaughlin into his office and verbally attacked

her work performance with false assertions and accusations for a period of almost two hours. Such actions were directly retaliatory to Plaintiff McLaughlin for submitting these matters as EEO complaints.

35. During these periods of 2005-2006 allegations by RAC May against Plaintiff McLaughlin, Plaintiff McLaughlin had been responsible for more indictments being brought against criminal defendants in the Middle District of Florida than any other ATF agent in the Orlando Field Office.

36. The discriminatory and retaliatory actions taken by ATF supervisors May and Ryan because of her race (African-American) and because of her prior protected EEO activities have caused Plaintiff McLaughlin to suffer adverse employment consequences such as a denial of rightful training opportunities, denial of career-enhancing awards, adverse comments on professional duty performance and competence, and a continuing failure of the Agency to promote Plantiff to higher grade and more advantageous duty assignments.

### COUNT I – UNLAWFUL DISCRIMINATION BASED UPON RACE

37. Paragraphs 1 through 36 are herein incorporated by reference.

38. The actions detailed herein constituted unlawful discrimination based upon race (African-American) committed by the Agency, its agents and employees, against the Plaintiff.

39. Such unlawful discrimination resulted in past and future financial loss to Plaintiff, a loss to Plaintiff of professional esteem and standing, personal stress and mental pain and suffering.

## COUNT II --- UNLAWFUL RETALIATION
## OR REPRISAL FOR PROTECTED EEO ACTIVITIES

40. Paragraphs 1 through 39 are herein incorporated by reference.

41. The actions detailed herein constituted acts of unlawful retaliation for protected EEO activities against Plaintiff McLaughlin commited by the Agency, its agents and employees.

42. Such unlawful retaliation resulted in past and future financial loss to Plaintiff, a loss to Plaintiff of professional esteem and standing, personal stress and mental pain and suffering.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Lori McLaughlin respectfully requests that this Court enter judgment against Defendant, and grant Plaintiff McLaughlin the following relief:

a. Approval of at least two ATF and/or DOJ training courses selected by Plantiff McLaughlin for career professional development;

b. Immediate and full consideration of Plaintiff for the next available occasion of the award of the Department of Justice Community Service Award for services rendered by Plaintiff McLaughlin while assigned to the Orlando Field Office, Tampa Field Division of ATF;

c. Immediate assignment from the Tampa Field Office of ATF to an alternative assignment satisfactory to Plaintiff;

d. Payment of $200,000 in compensatory damages;

e. Consideration for immediate promotion to the Grade of GS-1811-14, Supervisory Special Agent; and,

11

f. Payment of all costs and attorneys' fees associated with the litigation of this matter at the ATF/DOJ EEO, EEOC and United States District Court levels.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule 38(b), trial by jury on all issues presented herein is respectfully demanded.

Respectfully submitted,

*/s/ Michael W. Beasley*
MICHAEL W. BEASLEY
D. C. Bar No. 248930
200 Park Avenue, Suite 106
Falls Church, VA  22046
Phone:  (703) 533-5875
Fax:  (703) 533-5876
Cell:  (703) 994-2524
E-Mail:  beasleys2@verizon.net

Counsel for Plaintiff Lori D. McLaughlin

# CIVIL COVER SHEET

JS-44
(Rev. 2/01 DC)

RMC 08-1256

**JURY ACTION**

**I. (a) PLAINTIFFS**
Lori D. McLaughlin

**DEFENDANTS**
Hon. Michael B. Mukasey, as U.S. Attorney General

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Orlando, FL
(EXCEPT IN U.S. PLAINTIFF CASES) 88888

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TR

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Michael W. Beasley, Esq.
200 Park Ave., St. 106, Falls Church, VA 22046
(703) 533-5875

Case: 1:08-cv-01256
Assigned To : Collyer, Rosemary M.
Assign. Date : 7/22/2008
Description: Employ. Discrim.

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

☐ **A. Antitrust**
☐ 410 Antitrust

☐ **B. Personal Injury/Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

☐ **C. Administrative Agency Review**
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

☐ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

☐ **E. General Civil (Other)** OR ☐ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☐ G. *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ H. *Employment Discrimination*<br>☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | ☐ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability | ☐ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

☒ V. ORIGIN
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ Multi district Litigation
☐ 7 Appeal to District Judge from Mag. Judge

VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
§ 717 of Title VII of Civil Rights Act of 1964 as amended, 42 USCA § 2000(e); Unlawful Discrimination Based on Race (African-American)/Unlawful Retaliation

VII. REQUESTED IN COMPLAINT    CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐    DEMAND $ $200,000    Check YES only if demanded in complaint
JURY DEMAND: ☒ YES   ☐ NO

VIII. RELATED CASE(S) IF ANY    (See instruction)    ☐ YES  ☒ NO    If yes, please complete related case form.

DATE  7/22/08    SIGNATURE OF ATTORNEY OF RECORD  Michael L. Beckley

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Sectio II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\Forms\js-44.wpd